## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: BRIAN STEVENS ) | NO. 15 B 05527 |
| ) | |
| Debtor ) | |
| ) | Chapter 13 |
| ) | |
| _____ ) | |
| ) | Honorable Judge Jack B. Schmetterer |
| BRIAN STEVENS ) | |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | ADV. NO _____ |
| WELLS FARGO BANK N.A. ) | |
| ) | |
| Defendant ) | |
| ) | |
| _____ ) | |

**COMPLAINT PURSUANT TO 11 U.S.C. §§ 506 (a) & (d) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF SECURITY AND STRIP OFF DEFENDANT'S UNDERLYING LIEN AGAINST PLAINTIFF'S PRIMARY RESIDENCE**
_____

**NOW COMES** Plaintiff, BRIAN STEVENS ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, LTD, and pursuant to 11 U.S.C. §§ 506(a) & (d), 11 U.S.C. § 1322, 28 U.S.C. § 157(b)(2)(K), and Fed. R. Bank. Pro. 3012, bringing this Complaint To Determine Value of Security and Strip Off Underlying Lien of Wells Fargo Bank N.A. ("Wells") Against Plaintiff's Primary Residence, and in support thereof, stating as follows:

### **JURISDICTION**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334, 151, & 157, in that this action arises in and relates to Bankruptcy Case No. 15 B 05527, *In re Brian Stevens* presently before this Court.

2. This a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) & (2).

## VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1409.

## CAUSE OF ACTION

4. Plaintiff is an individual that is the record title-holders to a property located at 13564 W. 167th, Homer Glen, Illinois 60491 ("Subject Real Estate").

5. On or about February 18, 2015, Plaintiff filed a petition for relief pursuant to Chapter 13 Title 11 U.S.C.

6. Confirmation of Plaintiff's plan is currently set for September 16, 2015 before this Honorable Court.

7. Wells has a mortgage lien against Subject Real Estate in the approximate amount of $71,095.17. The Wells mortgage lien was recorded with the Cook County Recorder of Deeds. *See* attached Exhibit A is a true and accurate copy of the Proof of Claim filed by Wells in the instant bankruptcy proceeding.

8. The fair market value of Subject Real Estate at the time of filing was approximately $98,000.00 pursuant to a residential real estate appraisal ("Appraisal"). *See* attached Exhibit B is a true and accurate copy of the Appraisal..

9. Pursuant to 11 U.S.C. §§ 506(a) & (d), a creditor would only have secured claim to the extent of the value of the bankruptcy estate's interest in the property securing the claim. As a result, a creditor's lien is void to the extent it is not an allowed secured claim.

10. "The valuation of an under-secured mortgage claim is commonly referred to as a 'strip down' or 'cram down'.  Where the valuation of property indicates that a claim is partially secured, the secured portion of the claim is paid through the debtor's plan as an allowed secured claim, and the unsecured portion is 'stripped down' to an allowed unsecured claim.  The unsecured claim generally is paid on a pro rata basis along with all other general unsecured claims." *In re Pierre*, 468 B.R. 419, 422 (Bankr.M.D.Fla 2012).

11. Pursuant to 11 U.S.C. 506(a), based on the fair market value of the subject property being $98,000.00, the mortgage claim of Wells should be bifurcated to a secured claim of $98,000.00 and an unsecured claim for the remaining balance.

12. Well's secured claim of $98,000.00 should be paid in full as an allowed secured claim in the Debtor's Chapter 13 plan and Well's lien should be deemed satisfied upon completion of Debtor's Chapter 13 plan payments.

13. Well's unsecured claim for the remaining balance should not be paid based on Debtor's Chapter 7 discharge in case number 14-24297.

**WHEREFORE**, pursuant to 11 U.S.C. §§ 506 (a) and (d), and Bankruptcy Rule 3012, PLAINTIFF BRIAN STEVENS prays that this Honorable Court grant the following relief:

1) Finding that the Fair Market Value of the Real Estate commonly known as 13564 W. 167th Street, Homer Glen, Illinois, 60491 is $98,000.00;

2) Finding that Wells Fargo Bank N.A.'s secured claim is $98,000.00;

3) Finding that any balance owed to Wells Fargo Bank N.A. in excess of $98,000.00 shall not be paid as an unsecured creditor by virtue of Brian Stevens Chapter 7 discharge;

4) Finding that OneWest Bank N.A.'s lien be deemed satisfied upon completion of Chapter 13 plan payments; and

5) For any other and further relief as the Court may seem just and proper.

Dated: September 15, 2015                    Respectfully Submitted,

                                             /s/ Charles L. Magerski
                                             Charles L. Magerski, Esq. #6297092
                                             Counsel for Plaintiffs
                                             Sulaiman Law Group, LTD
                                             900 Jorie Blvd, Ste 150
                                             Oak Brook, IL 60523
                                             Phone (630)575-8181
                                             Fax: (630)575-8188