UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

IN RE: BRIAN STEVENS
           DEBTOR

BRIAN STEVENS
           PLAINTIFF
vs.
WELLS FARGO BANK N.A.
           DEFENDANT

Case No. 15-00651
Chapter 13
Adv. No. 15-00651

## CONSENT JUDGMENT

**THIS CAUSE** coming on to be heard on Plaintiff's Complaint to Determine the Value of Security, the Court having jurisdiction over the parties and the subject matter and being duly advised on the premises, due notice being given to all the parties entitled thereto

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. That Wells Fargo Bank (hereinafter referred to as "Creditor") has a secured mortgage lien on the property commonly known as 13564 W. 167th Street, Homer Glen, Illinois 60441 (hereinafter referred to as "Subject Property");

2. That the Debtor and the Creditor agree that the secured valuation of the subject property is $132,000 and that the interest rate will be 5.25%;

3. That Debtor shall keep the Subject Property fully insured for the pendency of the bankruptcy;

4. That if the Subject Property is not insured and Debtor fails to obtain (at least) a six-month, pre-paid, no-cancel policy of insurance and provides Creditor written proof thereof within seven (7) days after mailing of notification to Debtor and his attorney, the Automatic Stay shall be automatically terminated as to Creditor and the Subject Property, upon filing of notice of same with the Clerk of the Bankruptcy Court;

5. That Debtor shall pay all real property taxes on the Subject Property as and when they come due and owing;

6. That if real property taxes are not paid as and when they come due and owing and Debtors fail to tender funds to the Cook County Collector's office in an amount to bring the property taxes current and provides written proof of same to Creditor within fourteen (14) days after mailing of notification to debtor and his attorney, the Automatic Stay shall be automatically terminated as to Creditor, and the Subject Property upon filing of notice of same with the Clerk of the Bankruptcy Court;

7. That in the event that Codilis & Associates, P.C. should have to send out any Notices of Default, the Debtor shall pay an extra $100.00 per notice, as additional attorney fees, in addition to whatever funds are needed to cure the default and that said additional funds must be tendered prior to the expiration of the cure period set forth in the Notice;

8. That if Creditor does not execute and deliver to the Debtor any termination statement, or other document that is or may be required to by law to release and discharge Creditor's mortgage lien, then Debtor shall be permitted to use this entered judgment along with the entered chapter 13 discharge order as authorization for termination and release of Creditor's mortgage lien;

9. That if the related bankruptcy case is dismissed or converted, or if Creditor obtains relief from the automatic stay, then Creditor's claim shall revert to a secured claim under applicable non-bankruptcy law.

DATED: 12/22/15

ENTERED

_____
UNITED STATES BANKRUPTCY JUDGE

DEC 22 2015

Jose G. Moreno ARDC#6229900
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C & A File No. 14-10-46529**

/s/ _____
Attorney for Creditor/Defendant

/s/ _____
Attorney for Debtor/Plaintiff